IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–00763-DME-KMT

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Plaintiff,

v.

ROBERT ORLOWSKI,
DEBORAH CHRISTINE MORRISON,
EVERGREEN ASSETS, LLC
MICAIAH FOUNDATION,
HINSDALE ASSET MANAGEMENT, and
FORTRESS MANAGEMENT, LLC,

    Defendants.

## ORDER

    This matter is before the court on "Plaintiff's Motion for More Definite Statement on Answer (Docket # 19) Filed by Defendants Morrison and Orlowski" ("Motion" [Doc. No. 24, filed May 14, 2008]). Plaintiff alleges that the document loosely characterized as an "Answer" filed by defendants Orlowski and Morrison (actually entitled "Declaration in the Nature of a Verified Affidavit of Truth" [ hereinafter "Decl. #1" [Doc. No. 19]) is insufficient to constitute an Answer as required by the Rules. Defendants Morrison and Orlowski did not file a response to the Motion, however did file another "Declaration in the Nature of a Verified Affidavit of Truth (hereinafter "Decl. #2" [Doc. No. 30, filed May 27, 2008]. The top of Decl. #2 states, "This instrument supersedes the previous instrument (54 pages in length plus Exhibits) that was

submitted in relation to Civil Action No. 80-cv-00763-DME-KMT and was titled Declaration in the Nature of a Verified Affidavit of Truth, dated April 23, 2008" and further provided the registered mail number for Doc. No. 19.  Decl. #2 also stated, "The previous instrument is now Void and has no effect in law nor proceedings nor pleadings."

**To the extent Doc. No. 19 was characterized and treated as an Answer to the Complaint in this case, therefore, it is hereby STRICKEN and such designation will be no longer in effect.**

**"Plaintiff's Motion for More Definite Statement on Answer (Docket # 19) filed by Defendants Morrison and Orlowski" [Doc. No. 24] is DENIED as moot.**

The inquiry into the rather bizarre filings being made by Defendants Orlowski and Morrison ("living souls" as noted in Decl. #2) does not stop here, however.

The court notes at the outset that because Defendants Orlowski and Morrison appear *pro se*, the court "review[s] [their] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers").  The court will therefore liberally construe the pleadings filed by these defendants. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nevertheless, it remains the defendants' responsibility to provide the court with pleadings which at least make a good faith attempt to follow the Federal Rules of Civil Procedure and the Local Rules of Practice. *See, i.e., Toth v. Gates Rubber Co.*, 2000 WL 796068, *8 (10th Cir. 2000).

It is not the Court's duty, however, to search voluminous pages of gibberish for statements which may support a claim or a remedy. *See Gross v. Burggraf Construction Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995). The court will not act as an advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). When responding to a pleading, pursuant to Fed. R. Civ. P. 8(b), a party is required to: "(a) state in short and plain terms its defenses to each claim asserted against it; and (b) admit or deny the allegations asserted against it by an opposing party." If a litigant is asserting cross claims or counterclaims, Fed. R. Civ. P. 10 requires a party's pleadings to, "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

The fact that Defendants Orlowski and Morrison are appearing in this Declaratory Judgment action in *pro se* status does not entitle them to application of different

rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002). Decl. #2 was filed as a "Notice." This "Notice" does not constitute an Answer to the Complaint and does not adequately set forth counterclaims or cross claims. It would be impossible for other litigants to properly respond to the "Notice" should it be deemed a valid pleading. The "Notice" does not appear to address any specific motion or other pleading in the case. The "Notice" does not conform with this court's Local Rules of Practice format. See D.C. Colo. LCivR 10.1. In short, as it stands, it is a meaningless document accomplishing no purpose in the litigation. Therefore, **Defendant Orlowski and Morrison's "Declaration in the Nature of a Verified Affidavit of Truth" [Doc. No. 30] is also STRICKEN.**

**IT IS ORDERED** that Defendants Robert Orlowski and Debra Morrison shall answer or otherwise respond to the Complaint in compliance with Rule 8, Fed. R. Civ. P., on or before **July 11, 2008.** Defendants Orlowski and Morrison are cautioned that failure to properly answer or otherwise respond to the Complaint will result in entry of default against them.

**IT IS FURTHER ORDERED** that Defendant Orlowski and Morrison shall cease filing unintelligible papers, papers that are not related to any pending matter in this case, or papers with improper captions and which do not conform to the Local Rules of Practice. Any papers filed

with the Court which fail to comply with this courts orders will be stricken, and defendants will be subject to sanctions, including entry of default against them.

Dated this 23rd day of June, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge